COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-173-CR

 

 

DANIEL MAVERICK MIKKELSON                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








A jury convicted Appellant Daniel Maverick
Mikkelson of unlawful possession of a firearm by a felon[1]
and assessed his punishment at seven years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  The trial court sentenced him
accordingly.  In two points, Appellant
challenges the legal and factual sufficiency of the evidence to support his
conviction.  Because we hold that the
evidence is both legally and factually sufficient, we affirm the trial court=s
judgment.

While on patrol in an unmarked car on the night
of June 17, 2006, Fort Worth Police Officers Paula Hernandez and Steven Myers
noticed three men Amulling around@ a
vehicle at a gas station.  The police had
previously encountered problems, including gang activity, at the gas
station.  The officers noticed that the
men were not putting gas in the car. 
While the officers sat at a light at an intersection from which they
could see the gas station, Officer Hernandez saw one of the men make a movement
as though placing something in his waistband. 
She then saw that man and Appellant walk to the store=s
entrance; the other man went into the business while Appellant stayed out front
with his back to the entrance.  A short
time later, the man came out of the store, and he and Appellant walked swiftly
back to the car.  Appellant opened the
passenger door, reached down and started Adigging
around in the floorboard,@ and then sat in the passenger
seat.








The
officers got through the intersection and pulled into the gas station.  As they approached the vehicle, the man who
had gone into the store and who was now standing by the driver=s door
reached into his pocket, took out an object, and placed it on the dashboard
through the open car window.  Officer
Myers recognized the item placed on the dashboard as a marijuana cigarette and
arrested the man for possession of marijuana.

The
officers then conducted a search of the vehicle, which they had decided to have
towed.  During the search, they saw a gun
sticking out from under the passenger seat. 
Officer Hernandez then handcuffed Appellant and the third man.  Appellant began acting agitated, pacing back
and forth, and after Officer Myers removed the gun from the car, Appellant
repeatedly stated that the gun was his. 
The officers arrested Appellant, and he was charged with unlawful
possession of a firearm by a felon.

Appellant
argues that the evidence is legally and factually insufficient to show that he
actually possessed a gun that was a firearm. 
Texas Penal Code section 46.01 provides in pertinent part,

(3) AFirearm@ means any device
designed, made, or adapted to expel a projectile through a barrel by using the
energy generated by an explosion or burning substance or any device readily
convertible to that use.

 

. . . 

 

(5) AHandgun@ means
any firearm that is designed, made, or adapted to be fired with one hand.[2]








The
record reflects that Appellant went to the front passenger seat, rummaged
around on the floorboard where the gun was later located, and, when the police
handcuffed him, admitted that the gun was his.

Further,
Officer Hernandez testified that State=s
Exhibit 2, the gun that had been admitted as the weapon found in the vehicle,
was a firearm.  When asked to explain
what a firearm is, she testified, 

It=s a
weapon that can be charged C that
can be actually discharged.  It kind of
looks like a, you know, fire.  You know,
the hammer gets cocked back, striking pin will strike the back of a bullet;
which, on the back of a bullet there=s a spot
that will ignite some gunpowder, which is inside the bullet, and then you shoot
the actual bullet part off the end, like a little tiny explosion or fire. 

Additionally,
Officer Hernandez agreed that State=s
Exhibit 2 was a .22 caliber gun and was, indeed, a firearm.  Finally, Larry Reynolds, who works in the
crime lab with the Fort Worth Police Department, testified that his sole duty
is to Afire the
handguns when they come in prior to going to the property room,@ that he
fired State=s Exhibit 2, and that it worked
properly.








Applying
the appropriate standards of review,[3]
we hold that the evidence is both legally and factually sufficient to support
the jury=s
verdict, overrule Appellant=s two
points, and affirm the trial court=s
judgment.  

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL: 
LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

 

PUBLISH

 

DELIVERED: 
September 18, 2008











[1]See Tex. Penal Code Ann. ' 46.04 (Vernon Supp.
2008).





[2]Id. ' 46.01(3), (5).





[3]See Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex.
Crim. App. 2007) (both providing legal sufficiency standard of review); Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas v. State,
175 S.W.3d 795, 799 (Tex. Crim. App. 2005); Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003); Johnson v. State, 23 S.W.3d 1,
11 (Tex. Crim. App. 2000) (all providing factual sufficiency standard of
review); see also Poindexter v. State, 153 S.W.3d 402, 406 (Tex. Crim.
App. 2005) (discussing affirmative links doctrine in drug case); Bates v.
State, 155 S.W.3d 212, 216B17 (Tex. App.C Dallas 2004, no pet.) (applying affirmative
links doctrine in felon in possession of firearm case).